IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL GENE TATE**, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. **05-CV-588-CJP**[1] |
| | ) |
| **RANDY J. DAVIS**, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court are the above-captioned petition for writ of habeas corpus **(Doc. 1)**, and petitioner Tate's "Motion for a Sentence Reduction Based on Self Rehabilitation by Petitioner" **(Doc. 13)**.

Petitioner Daniel Gene Tate is currently housed at the United States Penitentiary at Marion, Illinois, serving two sentences imposed in the Southern District of Alabama. **(Doc. 10-3, pp. 3-5 (Exhibit A))**. Petitioner is scheduled to be released from federal custody January 19, 2008, based on good conduct credit, or by July 16, 2010, if he must go full term. **(*See* Doc. 10-2 (Declaration of Curtis Runge), and Doc. 10-3, p. 5 (Exhibit A))**. Petitioner is attempting to preemptively ensure that when he is released he actually goes free, rather than being held via a detainer the United States Bureau of Prisons insists has been lodged by the State of Alabama. Petitioner does not contest that a fugitive warrant was issued in Alabama in 1988 for a parole

---

[1]In accordance with 28 U.S.C. § 636(c)(1), upon the consent of the parties, this case was transferred to the undersigned magistrate judge for all proceedings and entry of judgment. **(Docs. 6, 11 and 12)**.

violation, and that a detainer was subsequently lodged. Rather, petitioner has filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Alabama detainer is invalid because his term of probation in Alabama was never actually stayed or revoked, and it has now expired. **(Doc. 1).** In the alternative, petitioner asks the Court to reduce his federal sentence based on his rehabilitation and completion of numerous educational programs, and order him released to Independence, Missouri, where he "will no longer be a burden on the State of Alabama." **(Doc. 13-1).**

Correspondence dated March 1, 2002, from an attorney working on petitioner's behalf states that, despite federal records of a detainer, the Alabama Board of Pardons and Parole has indicated to him the detainer has been lifted. **(Doc. 1, p. 10 (as numbered in the CM-ECF system), March 1, 2002, letter from attorney Thomas M. Goggans).** However, documentation submitted by the respondent indicate the detainer is still in effect. The 2005 declaration of Curtis Runge, Assistant Inmate Systems Manager at USP-Marion, indicates that, from the Bureau of Prisons' perspective, the 1988 fugitive warrant for a parole violation, and corresponding 1990 detainer are still in effect. **(Doc. 10-2; (Declaration of Curtis Runge) and Doc. 10-3, p. 15 (Exhibit C--the detainer)).** Furthermore, letters from the Alabama Board of Pardons and Parole as recently as March 22, 2002, indicate the detainer is still in effect, and that petitioner cannot be released from his Alabama sentence while he is in federal custody, and the earliest release date from his Alabama sentence is November 1, 2013. **(Doc. 10-3, pp. 16-17 (Exhibits D and E)).**

In any event, respondent argues that 28 U.S.C. § 2241 is not the proper mechanism to challenge the validity of the Alabama detainer– a petition pursuant to 28 U.S.C. § 2254 should

2

be filed.  **(Doc. 10).**  Respondent also asserts petitioner has not exhausted Bureau of Prisons' administrative remedies prior to filing this Section 2241 petition, despite his assertions to the contrary.  In a similar vein, respondent contends petitioner has failed to exhaust available state remedies, so the Alabama courts have never had an opportunity to assess the validity of the detainer or petitioner's parole status.

Respondent is correct on all counts.  *Esposito v. Mintz*, 726 F.2d 371, 372-373 (7th Cir. 1984), dictates that 28 U.S.C. § 2254, not Section 2241, is the proper jurisdictional basis and mechanism for challenging the validity of a detainer, because the issuance of a detainer is a state act–a hold by the issuing state.

Even if petitioner is ultimately correct that there is no detainer in effect, comity dictates petitioner should exhaust his state remedies prior to filing this Section 2241 petition for writ of habeas corpus.  **See *United States v. Castor*, 937 F.2d 293, 296-297 (7th Cir. 1991).**  There is no indication whatsoever that petitioner has attempted to give the Alabama courts an opportunity to address the status of his sentence/parole and the validity of the detainer that is being recognized by the Bureau of Prisons.  Requiring petitioner to give the Alabama courts an opportunity to sort this matter out is not onerous, and the Alabama Courts are certainly in a better position to address the underlying state law issues raised by petitioner.[2]

Petitioner has also failed to exhaust Bureau of Prisons' administrative remedies before filing his Section 2241 petition, which is required by 28 C.F.R. §§ 542.13-542.15 and *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).

---

[2] Exhaustion of state remedies is also required under Section 2254.  **28 U.S.C. § 2254(b)(1);** ***O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).**

The aforementioned exhaustion requirements similarly doom petitioner's motion for a reduction in his federal sentence due to his rehabilitation, Section 2241 is inapplicable, at least in light of the fact petitioner has not sought a reduction of his sentence through the Bureau of Prisons' administrative mechanisms or the Southern District of Alabama, which imposed his sentence.

**IT IS THEREFORE ORDERED** that petitioner Tate's petition for writ of habeas corpus **(Doc. 1)** is **DISMISSED WITHOUT PREJUDICE** due to his failure to use the proper jurisdictional mechanism and failure to exhaust state and administrative remedies. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, for the aforestated reasons, petitioner Tate's motion for a reduction in his federal sentence due to his rehabilitation **(Doc. 13)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATE: July 24, 2006**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**